UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-61457-CIV-SMITH

ANDREA AUDISH, individually and on
behalf of a class of all persons and entities
similarly situated,

    Plaintiff,

vs.

NATIONAL HEALTH CONNECT LLC,

    Defendant.
_____/

## AMENDED ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on Defendant, National Health Connect LLC's ("NHC"), Motion to Dismiss ("Motion") Plaintiff, Andrea Audish's ("Audish") First Amended Complaint ("FAC"). For the reasons that follow, the Motion is granted.

**I.  FACTUAL BACKGROUND**

This action arises from an unsolicited phone call Plaintiff received on June 25, 2021. Plaintiff's cellular number is registered on the National Do Not Call Registry. Plaintiff received a pre-recorded telemarketing call from someone Plaintiff alleges to be Defendant. The pre-recorded call did not identify the calling party. After Plaintiff responded to the call's interactive voice response system, Plaintiff was connected to a live operator. The live operator asked Plaintiff questions about health insurance and then transferred Plaintiff to someone named "Rhonda." Rhonda stated she was employed by Defendant or Defendant's agent, and provided Plaintiff with Defendant's toll-free number, an extension as Rhonda's call back number, and identified Defendant's website as a source to obtain further information about Defendant.

Plaintiff initially filed this action on July 19, 2021. On September 15, 2021, Plaintiff filed her FAC. Plaintiff's FAC alleges a single count for violation of the Telephone Consumer Protection Act 47 U.S.C.S. § 227 ("TCPA").

## II.     LEGAL STANDARD

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. *Id.* It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

As a threshold matter, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (internal citations omitted). A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). A facial attack on the complaint requires the court merely look to see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true for purposes of the motion. *Id*. A factual attack challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered. *Id.*

If a court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).  However, once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly*, 550 U.S. at 555.  However, a well-pled complaint survives a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556.

### III.  DISCUSSION

The TCPA makes it unlawful to make any call, other than calls made for emergency purposes or with prior consent, using an automatic telephone dialing system or an artificial/prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per call. 47 U.S.C.S. § 227(b)(1)(A)(iii) (1934). The TCPA also creates a private right of action to persons who receive calls in violation of 47 U.S.C.S. § 227(b)(1)(A) or 47 U.S.C.S. § 227(b)(1)(B). 47 U.S.C.S. § 227(b)(3) (1934). Plaintiff alleges that Defendant placed a prerecorded call to her without her consent and not for emergency purposes in violation of the TCPA.

Defendant moves to dismiss the FAC. Defendant argues that the FAC should be dismissed because the Court lacks subject matter jurisdiction due to the Plaintiff's lack of standing. Defendant also states that the Complaint fails to state a claim upon which relief can be granted because Plaintiff has not sufficiently alleged that the offending call was made by Defendant. Finally, Defendant argues that Plaintiff is not entitled to injunctive relief and is not an adequate representative of the class seeking relief in this action. Plaintiff counters that she has sufficiently alleged standing, it was Defendant that placed the call to Plaintiff, and thus Plaintiff is an adequate class representative. Plaintiff also maintains she has successfully pled the availability of injunctive relief.

### A. Plaintiff Lacks Standing

Standing is a jurisdictional issue subject to a Rule 12(b)(1) motion to dismiss. A plaintiff without an injury-in-fact lacks Article III standing, and the federal courts do not have jurisdiction over his or her complaint." *Stalley v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008). To satisfy standing, Plaintiff must allege (1) injury-in-fact; (2) causation; and (3) redressability by favorable judicial decision. *Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1003 (11th Cir. 2004). In the Eleventh Circuit, to successfully allege injury-in-fact under the TCPA, plaintiffs must at least show they received more than one unwanted telemarketing call. *See Cordoba v. DIRECTV, LLC,* 942 F.3d 1259, 1270 (11th Cir. 2019); *see also Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1306 (11th Cir. 2020) (stating under the TCPA the receipt of more than one unwanted call "is a concrete injury that meets the minimum requirement of Article III standing").

Here, Defendant claims Plaintiff lacks standing and that Plaintiff's FAC should be dismissed. Specifically, Defendant maintains Plaintiff has failed to allege in her FAC that Plaintiff

4

received more than one telephone call from Defendant and consequently suffered injury-in-fact as defined under the TCPA. In *Cordoba*, the Eleventh Circuit held that "[t]he receipt of more than one unwanted telemarketing call made in violation of the provisions enumerated in the TCPA is a concrete injury that meets the minimum requirements of Article III standing." *Id*.  Thus, the Eleventh Circuit does not recognize injury-in-fact in violation of the TCPA unless a plaintiff received more than one unwanted telephone call. *Glasser*, 948 F.3d at 1306.

In her response, Plaintiff claims she sufficiently alleged injury-in-fact because the call interfered with the use and enjoyment of her cellular phone service. Plaintiff relies on cases such as, *Laccinole v. U.S. Veterans Assistance Found., Inc.*, No. 21-160 WES, 2021 U.S. Dist. LEXIS 141581, at *3 (D.R.I. July 29, 2021); *Katz v. Liberty Power Corp., LLC*, No. 1:18-cv-10506-ADB, 2019 U.S. Dist. LEXIS 162793, at *35 (D. Mass. Sep. 24, 2019). Plaintiff's reliance on these cases is misplaced as they are not binding on this Court. Moreover, Plaintiff's response does not challenge the Eleventh Circuit's precedent, nor does Plaintiff argue that she received more than one unwanted phone call.  Plaintiff simply states that any unwanted phone call is actionable under the TCPA.  Plaintiff is misguided.  Plaintiff has not shown injury-in-fact under the TCPA and does not have standing to bring a claim for violation of the TCPA.  Thus, Plaintiff's FAC must be dismissed as a matter of law pursuant to Federal Rules of Civil Procedure 12(b)(1).  The Court need not examine any further grounds for dismissal of the FAC.

Accordingly, it is

**ORDERED** that:

1. Defendant's Motion to Dismiss [DE 17] is **GRANTED**.
2. Plaintiff's First Amended Complaint [DE 14] is **DISMISSED with prejudice**.
3. All pending motions are **DENIED as moot**.

4. This case is **CLOSED**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 28th day of June 2022.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

Cc Counsel of record